[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT AND MODIFIED ORDERS OF CHILD SUPPORT AND CONCERNING PERSONAL PROPERTY
This case comes to this court on the defendant's motion to open and modify the judgment dated November 8, 1990 which requested the order of the court relating to personal property and the disposition of a boat and also on a motion to reopen judgment and modify child support orders by the plaintiff on January 10, 1991.
Hearings were held on March 25, 1991 and subsequently on June 4, 1991 at which both parties were represented by counsel and introduced testimony and exhibits relating to their respective positions.
Judgment was entered in this matter on April 5, 1990. CT Page 5233 At that time the court found the separation agreement to be fair and equitable and it was ordered incorporated in the judgment.
To the extent relevant herein the agreement provided with respect to the Pace boat that it should be listed and sold at a price agreeable to both parties and the parties would divide equally the equity defined as the sales price less the mortgage balance and any encumbrances. The judgment provided that the court would retain jurisdiction if the parties could not agree on a price.
With regard to the other personal property the judgment provided that "the parties shall divide their personal property to each party's satisfaction. If this arrangement is not agreeable, the court shall retain jurisdiction to decide this issue. . ."
With regard to child support the judgment provided that the defendant shall pay to the plaintiff as child support the sum of $75.00 per week per child for a total of $225.00 per week.
The parties have provided the court with a transcript of the hearing of April 5, 1990 and the court has considered the same in connection with the disposition of the matters at issue.
The parties have filed financial affidavits and child support guideline worksheets.
First, with regard to support, the plaintiff is requesting an order in accordance with the plaintiff's calculation of the guidelines worksheet in the total amount of $342.72 per week. The defendant has resisted the same indicating in argument that the request for modification was initiated only in retaliation for the defendant's motion with regard to personal property and the boat.
The court, having given consideration to the factors contained in section 46b-84 of the General Statutes and the child support guidelines established pursuant to section 46b-21a of the General Statutes, makes a specific finding on the record that the application of the guidelines would be inequitable and inappropriate in this case because of the disparity of the substantial assets owned by the parties, the present and potential earning capacity of the parties, and finally the scheme of the division of property, assets and debts as provided by the separation agreement and the judgment of the court. The court denies the motion to modify the support order.
With regard to the boat, it should be noted that the parties provided the court with a yacht purchase and sale CT Page 5234 agreement (marked court exhibit 1 on June 4, 1991) which provides for the sale at a price agreeable to both the parties ($120,000.00) and providing for a closing on or before June 18, 1991. Therefore, no further action is required by the court at this time with regard to the sale of the boat except to resolve the disagreement of the parties concerning the cost incurred by the defendant to prepare the boat for the sale which include the following expenses:
 Dockage Contract $3,500.00 Insurance $2,200.00 Storage Expense $1,100.00 --------- Total $6,800.00
The plaintiff contests these deductions from the sale price prior to the 50% distribution to her and claims that they should not be included as deductions since the judgment and separation agreement only provided for "mortgages" and "encumbrances" to be deducted. The short answer to that is that the use of the term "sales price" under the circumstances of this situation implicitly included the deduction of the cost of the sale. In other words, the "sale price" provided for division in the judgment is the net sales price after the deduction of the costs of the sale. The court, therefore, determines that the above items are appropriate costs of the sale to be deducted before the division of the proceeds and the defendant should be reimbursed for the same accordingly out of the sale.
With regard to the personal property concerning which the court retained jurisdiction, considerable testimony has been heard in court from the parties as to their alleged source, ownership and the expectation of the parties.
There has been accepted into evidence at the hearing a 3 page listing of what the defendant claims to be substantially all of the items of personal property in the family residence which he claims to have written down from a review of photographs taken of the various rooms in the house. This is marked as defendant's exhibit #1. Defendant's exhibit #2 was a 1 page listing of over 50 items of property which the defendant thought would represent a 50% division for himself. Defendant's exhibit #3 represents the 6 items which the plaintiff agreed to give the defendant in addition to things she claimed he already had taken or received. Plaintiff's exhibit A represents a listing of items which the plaintiff claimed had been previously taken from the property by the defendant. The defendant denied having ever owned some of the items on that list, indicated that some were items which have been included in the sale of the boat and that many of the items CT Page 5235 have been disposed of prior to the dissolution of the marriage.
The court, having considered carefully the testimony of the parties and their respective claims and all of the factors set forth in section 46b-81 and 46b-82 of the General Statutes to the extent that they have been brought to the attention of the court in this matter, hereby orders that the plaintiff turn over to the defendant the items listed on defendant's exhibit #2 except for items 22 and 23 on said list. Said transfer is to be made at a time to be coordinated between the attorneys for the parties, all of which must be accomplished within 30 days from this order. The defendant shall be responsible for the costs and labor involved in the pick up and delivery of the items of property. Any property included in this order for which the defendant has not made arrangements to pick up within such 30 days shall be deemed abandoned.
The court shall retain jurisdiction for the enforcement of this order.
LEUBA, J.